**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **DANIEL CASTANEDA SALINAS,**<br>**Petitioner,**<br><br>**v.**<br><br>**J.L. JAMISON, et al.,**<br>**Respondents.** | **CIVIL ACTION**<br><br><br><br>**NO.  26-1345** |

## O R D E R

**AND NOW**, this 5th day of March, 2026, upon consideration of Petitioner Castaneda Salinas's Petition for Writ of Habeas Corpus (ECF No. 1) and the Government's Response (ECF No. 4), **IT IS HEREBY ORDERED** that:

1.  Castaneda Salinas's Petition is **GRANTED**;[i]

2.  The Government shall **RELEASE** Castaneda Salinas from custody immediately and certify compliance with the Court's Order by filing an entry on the docket no later than **12:00 p.m. ET on March 9, 2026**;

3.  The Government is temporarily enjoined from re-detaining Castaneda Salinas for seven days following his release from custody;

4.  If the Government chooses to pursue re-detention of Castaneda Salinas after that seven-day period, it must first provide him with a bond hearing pursuant to 8 U.S.C. § 1226(a); and

5.  Pending the ordered bond hearing, the Government **SHALL NOT** remove, transfer, or otherwise facilitate the removal of Castaneda Salinas from the Commonwealth of Pennsylvania.  If the Immigration Judge determines that Castaneda Salinas is subject to detention under 8 U.S.C. § 1226(a), the Government may request permission of the Court to move him.  If unforeseen or emergency circumstances arise that require

Castaneda Salinas to be removed, any such request must include an explanation for the

request as well as a proposed destination.

**BY THE COURT:**

**S/ WENDY BEETLESTONE**

**WENDY BEETLESTONE, C.J.**

---

[i] Petitioner Daniel Castaneda Salinas has resided in Pennsylvania and New Jersey for approximately thirty years. On or about February 27, 2026, officials from the Department of Homeland Security ("DHS") arrested Castaneda Salinas as he was leaving a gym in Kennet Square.  DHS then took him into custody and currently hold him at the Philadelphia Federal Detention Center pursuant to 8 U.S.C. § 1225(b)(2)(A).

In a nearly identical case, this Court held that detaining individuals in Castaneda Salinas's position without a bond hearing violates the Immigration and Nationality Act ("INA"), 18 U.S.C. § 1101 *et seq.  See Rio Porras v. O'Neill*, 2025 WL 3708900 at *2-3 (E.D. Pa. Dec. 22, 2025) (citing *Ndiaye v. Jamison*, 2025 WL 3229307 (E.D. Pa. Nov. 19, 2025); *Karashnov v. Jamison*, 2025 WL 3188399 (E.D. Pa. Nov. 14, 2025); and *Demirel v. Fed. Det. Ctr. Phila.*, 2025 WL 3218243 (E.D. Pa. Nov. 18, 2025)).  Likewise, the Court has previously rejected the Government's argument that noncitizens like Castaneda Salinas are persons "seeking admission" who are subject to § 1225(b)(2)'s mandatory detention provision.  *See Peixoto v. Jamison*, 2:26-cv-00967, Dkt. No. 5 (E.D. Pa. Feb. 20, 2026).

Accordingly, the Government lacks a legal basis for detaining Castaneda Salinas pending resolution of removal proceedings.  Because relief is warranted on Castaneda Salinas's INA claim, it is unnecessary to reach his alternative grounds for relief.